IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PERCY SMITH, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | No. 13-2987 |
| | : | |
| MARIROSA LAMAS, et al., | : | |
| Respondents. | : | |
| | : | |

**ORDER**

**AND NOW**, this 14th day of April, 2014, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (Doc. No. 15) and the Objections filed by Petitioner, it is hereby **ORDERED** that:

1. Petitioner's objections (Doc. No. 20) are **OVERRULED**;[1]

2. The Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (Doc. No. 15) is **APPROVED** and **ADOPTED**;

---

[1] The basis for Petitioner's objections to the Report and Recommendation is not entirely clear. Petitioner raised only a single issue at the state post-conviction stage: whether his lawyers were constitutionally ineffective for failing to assert his speedy-trial rights under the Pennsylvania Rules of Criminal Procedure. But this claim turns on a question of state law that was resolved against Petitioner in his PCRA appeal, where the Superior Court concluded that the Commonwealth did not violate the relevant Pennsylvania rule. (Superior Court PCRA Opinion, at 4-5 n.3.) Because an objection based on the rule would have been meritless under state law, counsel was not constitutionally ineffective for failing to make it. Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000).

If Petitioner's habeas petition is read as raising a claim that counsel was ineffective for failing to assert his speedy-trial rights under *federal* constitutional law, it faces a difference problem: this is the first time Petitioner has presented that claim to any court. As such, the Report and Recommendation correctly concludes that the claim is unexhausted, and no relief can be granted now, even if Petitioner were entitled to it (which he would not be). 28 U.S.C. § 2254(b)(1).

3. The petition for a writ of habeas corpus is **DENIED WITHOUT AN EVIDENTIARY HEARING**;

4. There is no basis for the issuance of a certificate of appealability; and

5. The Clerk of Court is directed to mark this case **CLOSED**.

**BY THE COURT:**

/s/ Mitchell S. Goldberg

_____

**MITCHELL S. GOLDBERG, J.**